OPINION
On January 12, 1996, the Delaware County Grand Jury indicted appellant, Kenneth Radcliff, on one count of failure to appear in violation of R.C. 2937.29, an unclassified felony at the time. Appellant pled guilty to the charge on March 13, 1996. By judgment entry filed May 9, 1996, the trial court sentenced appellant to an indefinite term of one to five years in prison, suspended in lieu of probation.
Effective March 23, 2000, R.C. 2937.99 was amended to provide that the offense of failure to appear was a felony of the fourth degree.
On April 13, 2001, appellant appeared before the trial court on a probation violation. By judgment entry filed April 23, 2001, the trial court revoked appellant's probation and imposed a determinate term of two years in prison.
On December 7, 2001, appellant filed a petition for postconviction relief, claiming the trial court should have sentenced him to a term of eighteen months or less pursuant to R.C. 2937.99. By judgment entry filed December 11, 2001, the trial court denied said petition.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S POST CONVICTION PETITION WHICH CLAIMED THAT THE COURT ERRED BY IMPOSING A TWO (2) YEAR PRISON TERM FOR AN OFFENSE THAT, THE PENALTY FOR SUCH, HAS SUBSEQUENTLY BEEN REDUCED TO A MAXIMUM TERM OF 18 MONTHS.
 I
Appellant claims the trial court erred in denying his petition for postconviction relief based on improper sentencing. We disagree.
Appellant argues that prior to March 23, 2000, a conviction for failure to appear was an unclassified felony carrying an indefinite sentence of one to five years. However, after said date, the same offense was characterized as a fourth degree felony with a possible six to eighteen month sentence. It is appellant's position that since his probation was revoked on April 23, 2001, after March 23, 2000, he should have been sentenced within the range available for a felony of the fourth degree rather than under the law as it existed prior to March 23, 2000. In support of this argument, appellant cites R.C. 1.58(B) which states "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."
The gravamen of this appeal is whether the trial court "imposed" appellant's sentence on May 9, 1996 or on April 23, 2001. By judgment entry filed May 9, 1996, the trial court clearly sentenced appellant to an indefinite term of one to five years in prison pursuant to statute. However, the trial court suspended the sentence in lieu of probation. Although the trial court imposed a suspended sentence, it nonetheless completed the sentencing process for the crime committed.[1]
On April 13, 2001, appellant appeared before the trial court on a probation violation. By judgment entry filed April 23, 2001, the trial court "reimposed" the original sentence, limiting it to a two year definite term. This sentence was not a new sentence, but rather a reimposition of the previously suspended sentence. Because appellant was sentenced prior to March 23, 2000, he is bound by the law as it existed at the time the original sentence was imposed.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By FARMER, J., GWIN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
[1] A suspended sentence is defined as "[a] conviction of a crime followed by a sentence that is given formally, but not actually served. A suspended sentence in criminal law means in effect that defendant is not required at the time sentence is imposed to serve the sentence." (Emphasis added.) Black's Law Dictionary (6 Ed. Rev. 1990) 1446.